113 N.J. Super. 157 (1971)
273 A.2d 364
LILLIAN M. KEELEY AND GEORGE J. KEELEY, PLAINTIFFS-RESPONDENTS,
v.
BIG W DISCOUNT SUPERMARKETS, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1970.
Decided January 25, 1971.
Before Judges CONFORD, KOLOVSKY and CARTON.
*158 Mr. Arnold G. Shurkin argued the cause for appellant (Messrs. Arnold G. Shurkin and William J. Pollinger on the brief; Messrs. Krieger & Klein, attorneys).
Mr. Frank W. Thatcher argued the cause for respondents (Messrs. Moss, Thatcher & Moss, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
This case concerns the legal effect of an order granting additur in a negligence action. The order mandated that defendant accept the additur within 20 days or suffer a new trial as to damages only. Defendant first sought appellate review of the order and when review was denied attempted to exercise its option to accept the additur beyond the 20-day period.
The jury returned verdicts of $2500 and $1000 in favor of the injured plaintiff Lillian Keeley and her husband George Keeley, respectively. They moved for a new trial as to damages only. In ruling on the motion, the trial court, on July 30, 1970, ordered that, upon the filing of a written consent by defendant within 20 days, an amended judgment should be entered increasing the damage award for the wife to $7,500 and that of the husband to $3,000. The order further provided that, upon defendant's failure to file written consent "as aforesaid," an order should be entered granting plaintiffs' motion for new trial as to damages only.
Defendant then sought leave to appeal the July 30 order. We denied that motion on September 17. A few days later defendant filed its consent to the entry of the judgment for the increased amounts. Insisting that the time for accepting the additur had expired, plaintiffs applied to the trial court for an order granting a new trial as to damages only. The court agreed and granted their application. It later denied defendant's motion to vacate that order. We granted leave to appeal from the denial of the latter motion.
Defendant contends that its application for leave to appeal tolled the 20-day period permitted for acceptance *159 of the additur in the July 30 order. On this thesis the option contained in the order remained viable until this court decided the motion for leave to appeal.
We disagree. The underlying theory of the remittitur and additur practices contravenes such a rationale.
The additur and remittitur practices were described with approval in Fisch v. Manger, 24 N.J. 66, 72 (1957), as "enlightened aids in securing substantial justice between the parties without the burdensome costs, delays and harassments of new trials." Since the order granting an additur is on condition, its effect is to confer an option upon the defendant. "The option of accepting an additur rests with a defendant and if defendant accepts it, the judgment should reflect the added sum without regard to plaintiffs [sic] wish." Bitting v. Willett, 47 N.J. 6, 9 (1966). "[I]f the defendant thinks the additur too high, he may protect himself, for he has the absolute right to refuse to pay it and to take a new trial by jury instead, * * *." Moran v. Feitis, 69 N.J. Super. 531, 541 (App. Div. 1961), certif. den. 36 N.J. 299 (1962).
But it must be observed that the opportunity given by the order to accept additur is limited to the terms specified in the order which creates that option. It cannot be deemed to remain open indefinitely. So to hold would do violence to the express language of the order. It would enlarge its terms beyond all recognition.
Here, instead of accepting the additur within the 20-day period prescribed by the order, defendant sought to appeal that order to this court. Not having accepted its terms before the expiration date, defendant must be considered to have exercised its option by the appeal and to have refused to pay the increased award. See 66 C.J.S. New Trial § 209g, at 527-528:
If the party having the option to remit a part of his recovery or submit to a new trial appeals from the order before the expiration of the time limited therein for the exercise of the option, he is deemed to have exercised his option by the appeal and to have refused *160 to remit, as is discussed infra subdivision h (1) of this section, and the appellate court, on affirming the order, will not revive the option by fixing a time within which the remittitur may be entered.
An additur is recognized to be "logically and realistically indistinguishable" from a remittitur. Fisch v. Manger, supra, 24 N.J. at 72.
Defendant has waived any further benefits under the conditional order. To conclude otherwise would contravene the rationale of these procedural devices. The salutary purpose of achieving substantial justice by a speedy and final resolution of the controversy would be defeated. The objectives of the additur and remittitur practices are the avoidance of additional expense, delay and inconvenience. Their aim is not only to save the trouble and expense of a new trial but also to give both parties the benefit of a prompt determination of the litigation without the necessity for the delay as well as the expense entailed by an appeal.
If a defendant appeals or applies for leave to appeal from such a conditional order, he must be deemed to have forfeited any benefits under it. Defendant's appeal in the present case deprived plaintiffs of part of the benefit the additur intended to afford, i.e., immediate payment of the award without the burden of defending an appeal or being obliged to cross-appeal to safeguard their own position. Cf. Mulkerin v. Somerset Tire Service, Inc., 110 N.J. Super. 173 (App. Div. 1970). The fact that the procedure followed by defendant was by motion for leave to appeal and that the resulting delay was not extended because of denial thereof should not make any difference in the result.
The concept of a conditional acceptance is essentially the underlying basis of defendant's position. Such a procedure is allowed in the courts of some states under specific statute or rule. See Annotation, 16 A.L.R.3d 1327, 1332-1337 (1967). No such procedure exists in this State.
In view of our conclusion, we need not consider defendant's argument that the time for acceptance of the additur *161 should be deemed tolled by analogy to the tolling of time for appeals under R. 2:4-3(e).
Our determination does not deprive defendant of the right to assail the trial court's order. That order was interlocutory in nature. If the outcome of the new trial on damages is deemed unsatisfactory, defendant may then challenge the propriety of the order granting the new trial in conjunction with an appeal on the merits.
Affirmed.