403 So.2d 391 (1981)
Paul Norman ADAMS, et al., Appellants/Cross-Appellees,
v.
William F. WRIGHT, Jr., Appellee/Cross-Appellant.
No. 57474.
Supreme Court of Florida.
July 23, 1981.
Rehearing Denied October 5, 1981.
*392 Elsie T. Apthorp, and Jacqueline R. Griffin, of Dempsey & Slaughter, Orlando, for appellants/cross-appellees.
William L. Ross, Jr. of the Law Office of William L. Ross, Jr., New Smyrna Beach, for appellee/cross-appellant.
Jim Smith, Atty. Gen., and Craig B. Willis, Asst. Atty. Gen., Tallahassee, for amicus curiae.
ADKINS, Justice.
This is a direct appeal from the Circuit Court of Volusia County which held that section 768.043, Florida Statutes (1977)[1] *393 concerning remittitur and additur actions arising out of the operation of motor vehicles, is constitutional. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
For clarity we refer to the parties as they appeared in the trial court; appellants as defendants and appellee as plaintiff.
The facts of this case are relatively simple and straightforward. The plaintiff sought punitive and compensatory damages for injuries he sustained while riding in an automobile driven by defendant, Paul Adams, owned by defendant, Ira Adams, and insured by defendant, Fidelity and Casualty Company of New York. The case was tried before a jury, which returned a verdict for the plaintiff in the amount of $8,500.00. Plaintiff moved for a new trial, alleging inter alia, that the verdict was inadequate. The trial court denied this motion but granted plaintiff's motion for additur. The defendant would not agree to the additur so the trial judge ordered a new trial pursuant to section 768.043, Florida Statutes (1977), solely for the purpose of determining plaintiff's damages. This appeal is from that order.
In addition, plaintiff filed a cross-appeal challenging the trial court's failure to give certain instructions, to admit certain expert testimony, and to grant plaintiff's motion for a new trial because the verdict was inadequate. As to the matters alleged in the cross-appeal, it is the opinion of this Court that no reversible error has been committed by the trial court. We therefore turn to the main issue in this case, whether section 768.043, Florida Statutes (1977), is constitutional.
Section 768.043 prescribes a remedy whereby a trial judge is empowered to modify a verdict in a motor vehicle liability suit which is clearly excessive or inadequate. Subsection (2) of the statute provides the criteria to be considered by the trial judge in determining whether the verdict is excessive or inadequate. (See footnote 1.)
Defendants argue that the methods established by section 768.043 for review of a jury verdict are procedural in that they set forth a procedure for a trial judge to equitably revise a jury verdict at the trial level. Such a procedural enactment, they argue, amounts to a legislative intrusion into the rule-making province of the judiciary.
Plaintiff, on the other hand, argues that the right of a litigant to pursue an additur under section 768.043 is a substantive right, and may properly be provided by the legislature.
While the specific issue now before us is one of first impression, the question of whether a rule or statute relates to substantive law or to practice and procedure is one which constantly arises. "The entire area of substance and procedure may be described as a `twilight zone' and a statute or rule will be characterized as substantive or procedural according to the nature of the problem for which a characterization must be made." In re Florida Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla. 1972) (concurring opinion of Adkins, J.). The distinction between substance and procedure was discussed further:
Practice and procedure encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains *394 redress for their invasion. "Practice and procedure" may be described as the machinery of the judicial process as opposed to the product thereof.
Examination of many authorities leads me to conclude that substantive law includes those rules and principles which fix and declare the primary rights of individuals as respects their persons and their property. As to the term "procedure," I conceive it to include the administration of the remedies available in cases of invasion of primary rights of individuals. The term "rules of practice and procedure" includes all rules governing the parties, their counsel and the Court throughout the progress of the case from the time of its initiation until final judgment and its execution.
Id.
To give effect to the evident legislative intent in promulgating section 768.043, we construe the statute as being remedial in nature, granting authority to the trial judge to modify a clearly excessive or inadequate verdict in a motor vehicle liability suit. A remedial statute is "designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good." It is also defined as "[a] statute giving a party a mode of remedy for a wrong, where he had none, or a different one, before." Black's Law Dictionary, 5th Ed., 1979.
Subsection (3) of section 768.043 provides as follows:
(3) It is the intent of the Legislature to vest the trial courts of this state with the discretionary authority to review the amounts of damages awarded by a trier of fact, in light of a standard of excessiveness or inadequacy. The Legislature recognizes that the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified [only] with caution and discretion. However, it is further recognized that a review by the courts in accordance with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of Florida.

(Footnote omitted) (emphasis added).
We therefore hold that section 768.043, Florida Statutes (1977), is a remedial statute designed to protect the substantive rights of litigants in motor vehicle-related suits. We also hold, contrary to defendants' contention, that there is no conflict between the statute and Fla.R.Civ.P. 1.530.[2] Rule *395 1.530 delineates the procedures for granting a new trial. Section 768.043 in no way alters or conflicts with Rule 1.530. The statute merely provides an alternative means of redress for an existing grievance of a litigant.
Defendants next contend that the statute substantially abridges the right to a jury trial. We disagree. The statute clearly provides for a new trial in the event the party adversely affected by the remittitur or additur does not agree with the remittitur or additur. In other words, the complaining party need not accept the decision of the judge with respect to remittitur or additur. The party may have the matter of damages submitted to another jury. Defendants' attack on the constitutionality of the statute is without merit.
The second prong of defendants' attack on the ruling of the trial court is based on a claim that the court abused its discretion in granting the motion for additur and ordering a new trial. A careful reading of the record and of the criteria set forth in the statute leads us to agree. Paragraph (2) of the trial judge's order holding the statute constitutional, and granting a new trial provides:
(2) [T]he verdict returned by the Jury in the amount of $8,500.00 as reviewed by the standards enumerated in section 768.043, Florida Statutes, is clearly inadequate in light of the facts and circumstances presented to the Jury and does not bear a reasonable relation to the amount of damages proved and the injury suffered by the Plaintiff; in making this finding the undersigned notes that no defense of contributory negligence or assumption of risk existed which could diminish the Plaintiff's recovery, that he is a young man who, according to uncontroverted evidence, will suffer significant impairment in the use of his mouth for the rest of his life, with embarrassment and mental anguish as a result thereof[.]
It is the opinion of this Court that the order for a new trial is deficient because it does not contain reference to the record in support of its conclusion that additur of the jury award is necessary to cure the inadequacy of the verdict (the basis for requiring new trial). We, therefore, have made an independent review of the record in search of support of that conclusion, and we find none. As we held in Wackenhut Corp. v. Canty, 359 So.2d 430, 434 (Fla. 1978), superior vantage point does not give a trial judge unbridled discretion to order a new trial. "The trial judge does not sit as a seventh juror with veto power. His setting aside a verdict must be supported by the record, ... or by findings reasonably amenable to judicial review." Laskey v. Smith, 239 So.2d 13, 14 (Fla. 1970).
Our review of the record in this instance does not support the conclusion of the trial judge that additur is necessary to cure an inadequacy in the jury verdict.
We therefore affirm that part of the trial judge's order upholding the constitutionality of section 768.043, Florida Statutes (1977), and reverse that portion of the order finding the jury award inadequate and providing for additur in the amount of $16,500.00, and providing for a new trial only on the issue of damages awardable to the plaintiff.
It is so ordered.
OVERTON, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C.J., dissents with an opinion in which BOYD and ENGLAND, JJ., concur.
SUNDBERG, Chief Justice, dissenting.
Although I hesitate to enter the procedural-substantive fray, I find it impossible to resist these better instincts when confronted with Florida's remittitur/additur *396 statute. According to the weight of authority across the country this statute is procedural and is therefore invalid because it usurps the rule-making authority of this Court provided under article V, section 2(a), Florida Constitution (1972), in violation of article II, section 3, Florida Constitution. See Markert v. Johnston, 367 So.2d 1003 (Fla. 1978). I perforce dissent.
Additur and remittitur both have their purpose in bringing the amount of damages awarded by a jury into accord with the trial judge's opinion, without the necessity of a new trial. "Clearly, then, the practice of additur and remittitur emanate from the power of a court to grant a new trial on the ground of inadequacy or excessiveness of the amount of damages awarded by the jury verdict."[1] The practice of remittitur, which is alone allowed in federal courts, is a derivative power found under Rule 59(a) of the Federal Rules of Civil Procedure, the rule governing new trials. See 6A Moore's Federal Practice § 59.05 (2d ed. 1979); 11 C. Wright & A. Miller, Federal Practice and Procedure §§ 2815, 2816 (1973). In Florida, as other states, matters governing or incident to new trials are procedural. See Fla. R.Civ.P. 1.530; Cal.Civ.Proc.Code § 657 (Deering 1973); Minn. Court Rules 59.01(5) (1980). Likewise, the federal courts have found that the process governing new trials in diversity cases is procedural, and hence controlled by federal procedure. Pitts v. Electro-Static Finishing, Inc., 607 F.2d 799, 802 (8th Cir.1979).
Courts from various states have also found in near unanimity[2] that remittitur and additur are procedural devices. Facing a choice of laws problem, the court in Stevens v. Missouri Pacific Railroad, 355 S.W.2d 122 (Mo. 1962), found remittitur was a "procedural problem governed by the law of the forum." Id. at 133. Courts in California, Michigan and New Jersey have characterized remittitur and additur as procedural devices. Jehl v. Southern Pacific Railroad, 66 Cal.2d 821, 832, 427 P.2d 988, 995, 59 Cal. Rptr. 276, 283 (1967); Tomei v. Bloom Associates, Inc., 75 Mich. App. 661, 669, 255 N.W.2d 727, 731 (1977); Keeley v. Big W Discount Supermarkets, Inc., 113 N.J. Super. 157, 160, 273 A.2d 364, 366 (1971). The Supreme Court of New Jersey adopted the following position on remittitur and additur: "`The power to impose such terms [remittitur and additur] is inherent in the court and is regulated by the rules of the Supreme Court... . This is one of the constitutional prerogatives of the court, which cannot be interfered with by legislation.'" Fisch v. Manger, 24 N.J. 66, 78, 130 A.2d 815, 821-22 (1957). This procedural characterization is echoed by the commentators. See Comment, Additur  Procedural Boon or Constitutional Calamity, 17 DePaul L.Rev. 175, 175-76 (1967). In sum, virtually every legal authority views remittitur and additur as procedural.
But even more convincing is that every state which has either a statute or rule governing remittitur and/or additur has characterized the statute or rule in the nature of civil procedure.[3] About one-half of *397 these states has a codified procedural statute; the other half has a court rule. Conversely, no state has a statute dealing with remittitur or additur outside the area of procedure. Although known for its pioneering laws, I fear that the legislature is treading on rather swampy grounds with this very singular statute.
For these reasons I dissent from the majority's principal holding, and would find that because additur is a procedural process, the legislature has unconstitutionally usurped the rule-making powers of this Court, and that section 768.043, Florida Statutes (1977), is therefore invalid.
BOYD and ENGLAND, JJ., concur.
NOTES
[1] 768.043 Remittitur and additur actions arising out of operation of motor vehicles. 

(1) In any action for the recovery of damages based on personal injury or wrongful death arising out of the operation of a motor vehicle, whether in tort or in contract, wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact. If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur, as the case may be. If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.
(2) In determining whether an award is clearly excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
(b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
(c) Whether the trier of fact took improper elements of damages into account [or] arrived at the amount of damages by speculation or conjecture.
(d) Whether the amount awarded bears a reasonable relation to the amount of damages [proved] and the injury suffered.
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
(3) It is the intent of the Legislature to vest the trial courts of this state with the discretionary authority to review the amounts of damages awarded by a trier of fact, in light of a standard of excessiveness or inadequacy. The Legislature recognizes that the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified [only] with caution and discretion. However, it is further recognized that a review by the courts in accordance with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of Florida. (Footnotes omitted).
[2] RULE 1.530. MOTIONS FOR NEW TRIAL AND REHEARING; AMENDMENTS OF JUDGMENTS.

(a) Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
(c) Time for Serving Affidavits. When a motion for a new trial is based on affidavits, they shall be served with the motion. The opposing party has ten days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding twenty days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.
(d) On Initiative of Court. Not later than ten days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
(e) When Motion for Unnecessary; Non-Jury Case. When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal by an assignment of error whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, new trial or to alter or amend the judgment.
(f) Order Granting to Specify Grounds. All orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.
(g) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment except that this rule does not affect the remedies in Rule 1.540(b).
[1] Bender, Additur  The Power of the Trial Court to Deny a New Trial on the Condition That Damages Be Increased, 3 Cal.W.L.Rev. 1, 1 (1967).
[2] Only one decision in this country has approached holding that additur is a substantive right. McCoy v. Wean United, Inc., 67 F.R.D. 495 (E.D.Tenn. 1975). Though apparently holding additur substantive, the district court in contradiction relied on Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), which required federal courts to follow state procedural rules which bear substantially on the litigation. The reliance on Byrd seems the main thrust of the opinion, undercutting the viability of McCoy.
[3] Seventeen states have either procedural statutes or court rules which directly support the practices of remittitur and/or additur. The states that have court rules often use the same new trial rule number [59] as the Federal Rules of Civil Procedure. Ala.R.Civ.Proc. 59(f) (1975) (Rules of Ala.Sup.Ct., remittitur); Ariz.Rev. Stat. § 12-2104 (1956) & Ariz.Civ.Rules 59(i) (1973) (Courts & Civ.Proc., remittitur & additur); Ark.Stat.Ann. § 27-1903 (1979) (Civ. Proc., remittitur); Conn. Gen. Stat. § 52-228 (1981) (Rules of Civ.Proc.  Civ.Actions, limited to correcting mistakes); Ind.Rules of Court 59 (Burns Cum.Supp. 1980) (Trial Proc.Rules, remittitur & additur); La.Code Civ.Pro.Ann. art. 1813 (West 1961) (remittitur & additur); Me.R. Civ.Proc. 59(a) (West 1970) (Me.Civ.Practice, remittitur & additur); Mass.Civ.Rules 59(a) (Law.Co-op 1974) (Civ. & Appellate Proc., remittitur & additur); Miss. Code Ann. § 11-1-55 (Cum.Supp. 1980) (Civ.Practice & Proc., remittitur & additur); N.D.R.Civ.Proc. 59(b)(5) (1974) (remittitur); Tenn. Code Ann. §§ 20-10-101, 102, 103 (1980) (Civ.Proc., remittitur & additur); Tex.R.Civ.Proc. 328 (West 1981) (Tex. Sup.Ct.Rules, remittitur); Vt.R.Civ.Proc. 59(a) (1971) (remittitur & additur); Va.Code § 8.01-383.1 (1977) (Civ.Remedies & Proc., remittitur by implication); W. Va. Code § 58-2-5 (Michie 1966) (Appeal & Error, limited to correcting mistakes); Wash. Rev. Code § 4.76.030 (1979) (Civ.Proc.  New Trials, remittitur & additur); Wis. Stat. Ann. § 805.15(6) (West 1977) (Civ. Proc., remittitur & additur).