Oliver GLASS, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.

No. 74–2376.

United States Court of Appeals, Sixth Circuit.

June 9, 1975.

Melvyn J. Kates, Marston, Sachs, O'Connell, Nunn & Freid, Detroit, Mich., Douglas W. Johnson, Detroit, Mich., for plaintiff-appellant.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Saul A. Green, Detroit, Mich., for defendant-appellee.

Before McCREE and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This appeal from an order entered upon cross-motions for summary judgment affirming a decision of the Secretary of Health, Education and Welfare, denying appellant's claim to disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–431 (1970), as amended (Supp. II, 1972), requires us to decide whether there is substantial evidence to support the Secretary's determination that appellant has a residual capacity for "substantial gainful activity." We hold that there is not.

Appellant,[1] who indisputably suffers from a severe back injury and consequent physical disability to perform his usual work, testified at the hearing before the Administrative Law Judge that because of excruciating pain he is unable to sit longer than ten or fifteen minutes and that he needs to move about constantly or lie down. Appellant's assertion of pain is amply supported by objective medical evidence submitted by an orthopedic specialist who stated that appellant's disability caused "horrible pain," by another orthopedic specialist who testified that appellant was unable to bend forward, stoop or reach, and by his treating physician who concluded that appellant is disabled from performing any job that requires lifting, prolonged standing or walking.

Despite appellant's assertion of pain and the substantial objective basis for it, the Administrative Law Judge denied benefits based upon the testimony of a vocational expert.[2] When this expert was asked whether there was any job that appellant could perform if his physical disabilities caused him pain of the severity to which he testified, he unequivocally replied that there was not. Only when the expert was asked a hypothetical question that required him to ignore appellant's assertion of pain did he testify that appellant was capable of engaging in light work that would permit him to stand and to sit at periodic intervals.

We have held on numerous occasions that pain alone can be disabling. *E. g.,* Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); Sayers v. Gardner, 380 F.2d 940 (6th Cir. 1967); Miracle v. Celebrezze, 351 F.2d 361 (6th Cir. 1965). Here, the Administrative Law Judge did not expressly discredit appellant's testimony about the pain he suffered, and "[t]his testimony is entirely consistent with the medical reports in this record and there is no testimony which even hints at malingering." Noe v. Weinberger, *supra,* at 596. Accordingly, we conclude that the determination of Secretary is not supported by substantial evidence. *See especially* Noe v. Weinberger, *supra,* where we reversed an order granting summary judgment for the Secretary in a case strikingly similar to this one.

The judgment of the district court is reversed and the case is remanded for entry of summary judgment for appellant.

---

1. Oliver Glass is a forty-five year old man who had engaged in work all of his adult life until he suffered an industrial accident that injured his back and for which he is receiving workmen's compensation benefits.

2. The Administrative Law Judge also relied upon the testimony of an orthopedic specialist who examined appellant on only one occasion and who observed that "the patient is relatively asymptomatic in the office *today.*" (emphasis added). Nevertheless, his diagnosis was "degenerative intervertebral disc disease of the lumbar spine," and although he thought that appellant could do "light work with no lifting over twenty pounds, with a minimum of stooping and bending," he stated that he could not do unrestricted work.