**Stephanie Johnson FUQUA, Plaintiff,**

v.

**ALUMINUM COMPANY OF AMERICA, Defendant & Third-Party Plaintiff/Appellant,**

v.

**INVIREX DEMOLITION, INC., Third-Party Defendant/Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 12, 1982.

Permission to Appeal Denied by Supreme Court March 8, 1982.

Hugh W. Morgan and Donelson M. Leake of Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, for defendant & third-party plaintiff/appellant.

Shannon D. Faulkner, III, of Fowler & Robertson, Knoxville, for third-party defendant/appellee.

## OPINION

PARROTT, Presiding Judge.

Aluminum Company of America (hereinafter referred to as ALCOA) appeals from the dismissal by summary judgment of its third-party complaint against Invirex Demolition, Inc. (hereinafter referred to as Invirex) by which ALCOA sought to be indemnified for any damages awarded against it due to the death of plaintiff's husband, an Invirex employee, during hazardous work being performed for ALCOA.

ALCOA contracted with Invirex to perform certain demolition work, including taking down certain steel towers which formerly supported electrical conductors on ALCOA's South Plant in Blount County, Tennessee. Contract provisions required Invirex to comply with applicable federal, state, and ALCOA safety standards and procedures. Invirex agreed "to hold the owner harmless for any liability or penalty which might be imposed by reason of an asserted violation by the contractor" of any governmental safety restrictions, regulations, or ordinances. The contract contains an express indemnity provision:

ARTICLE 16. LIABILITY.

The Contractor shall save and hold the Owner harmless from and against all liability, claims and demands on account of personal injuries (including death), or property loss, or damage to others (including the Contractor and employees and invitees of the Owner and of the Contractor) arising out of or in any manner connected with the performance of this contract, and caused by the negligent or willful act or omission to act of the Contractor, a subcontractor or materialman hereunder, or the employees or invitees of any of them, and the Contractor shall at his own expense defend any and all actions based thereon and shall pay all charges of attorneys and all costs and other expenses arising therefrom.

Electrical towers adjacent to the towers being demolished by Invirex carried high voltage electricity (13,800 volts). Therefore, to comply with Tennessee safety ordinances, T.C.A. 53–2802 and 2803, ALCOA was to de-energize those adjacent towers when workmen were present on the towers to be demolished. ALCOA claims that it cut the power to those adjacent towers every time the Invirex supervisor informed it of work periods when workers were to be on the towers and that ALCOA had instructed Invirex not to send a worker onto the towers without first notifying ALCOA. On the morning of August 30, 1978, Invirex sent plaintiff's decedent up one of the towers to retrieve a cutting torch left up there the night before. No ALCOA employees were present or notified that the worker was going onto the tower, therefore the adjacent high-voltage tower lines were not de-energized. An accident occurred whereby the worker was electrocuted.

Plaintiff, wife of decedent, brought suit against ALCOA to recover damages for wrongful death. Plaintiff alleged ALCOA's negligent breach of its nondelegable duty to provide safe working conditions, when it knew of the dangers of the presence of the high-voltage electricity, was the proximate cause of decedent's death. ALCOA filed a third-party complaint seeking indemnification from Invirex for any liabili-

ty in that lawsuit due to the contract provisions, particularly "Article 16." Invirex filed an order for summary judgment which was granted without the trial court setting out the rationale for its decision.

Although ALCOA raised an argument concerning the Workmen's Compensation statutes barring third-party indemnity by an employer for its injuries to an employee as a matter of public policy, Invirex did not contend that workmen's compensation served as a shield that would deny ALCOA a right to seek indemnity.

Invirex argues that ALCOA was guilty of negligence by breaching an undelegable duty. Therefore, it argues that since negligence of the indemnitee was not expressly covered in the contract indemnity provision, ALCOA is not entitled to be indemnified.

The Tennessee Supreme Court denied indemnity to the indemnitee, Kroger Company, when it was guilty of active contributory negligence under a general indemnity provision. *Kroger Company v. Giem,* 215 Tenn. 459, 387 S.W.2d 620 (1964). The Supreme Court agreed "that it is nearly a universal rule that there can be no recovery where there was concurrent negligence of both indemnitor and indemnitee unless the indemnity contract provides for indemnification in such case by 'clear and unequivocal terms;' and general words will not be read as expressing such an intent." *Id.* at 626.

However in this case, the indemnitee is not guilty of active negligence, and the contract clearly shows an intent to indemnify ALCOA for damages that have arisen merely as a result of Invirex's negligence. ALCOA's liability arises from a breach of a nondelegable duty. This breach was the result of Invirex's failure to exercise its contractual duty to comply with safety standards and regulations. This situation clearly appears to be within the intended coverage of the indemnity agreement.

Therefore, we find the trial court erred in dismissing Invirex from the third-party action and order that Invirex be reinstated as

a party and the cause remanded. Let the costs be taxed to appellee.

SANDERS and FRANKS, JJ., concur.