TENNESSEE RIVER PULP AND
PAPER COMPANY, Third-Party
Plaintiff-Appellant,

v.

EICHLEAY CORPORATION and Miller
Electric Co., Third-Party
Defendants-Appellees.

No. 82–5103.

United States Court of Appeals,
Sixth Circuit.

Argued April 14, 1983.

Decided June 2, 1983.

Joe D. Spicer, Robert D. Flynn (argued), Holt, Batchelor, Spicer & Ryan, Memphis, Tenn., for third-party plaintiff-appellant.

King W. Rogers, Steven B. Crain, Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, Tenn., for Eichleay.

John I. Houseal, Jr. (argued), Gary Smith (argued), Shuttleworth, Smith, Sabbatini & Leach, Memphis, Tenn., for Miller Elec.

Before LIVELY and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

The question presented on this appeal is whether a third-party indemnity action against an employer, based upon an express contract of indemnity, is barred by the "exclusive remedy" provision of the Tennessee Workers' Compensation Act. Jurisdiction is based upon diversity of citizenship. Tennessee law controls. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

District Judge Odell Horton held that the action is barred by the Tennessee statute, T.C.A. § 50–6–108, and dismissed appellants' third party complaint. We affirm on authority of the decision of the Tennessee Court of Appeals in *Rupe v. Durbin Durco, Inc.,* 557 S.W.2d 742 (Tenn.App.1976), even though this court previously has held to the contrary in published decisions hereinafter cited, and even though the Sixth Circuit decisions are supported by the overwhelming weight of authority in other jurisdictions.

I

The original plaintiffs, Buster Carroll and his wife, Mrs. Joyce Carroll, brought a diversity action against the Eichleay Corporation and appellant Tennessee River Pulp and Paper Co. (Tennessee River), seeking damages in the amount of $1,150,000.00. The action was predicated upon the alleged negligence of the defendants in causing plaintiff Buster Carroll to suffer severe personal injuries due to a fall of more than

130 feet from the tenth floor of a building then under construction. At the time of the accident, on December 12, 1977, Mr. Carroll was an employee of the Miller Electric Company and was acting in the course and scope of his employment. The Miller Electric Company was serving as the electrical subcontractor of the Eichleay Corporation, the general contractor in charge of the overall construction of the building in question. Tennessee River was the owner of the building.

Apart from this litigation, Mr. Carroll filed a claim against his employer, Miller Electric Company, for workers' compensation benefits and subsequently received benefits pursuant to Tennessee's Workers' Compensation Act, T.C.A. § 50–6–101 *et seq.*

The Carrolls voluntarily dismissed, without prejudice, their action against the Eichleay Corporation. Following this dismissal, Tennessee River instituted a third party action against the Eichleay Corporation seeking indemnity on the basis of an express contractual indemnity agreement contained in the general provisions of the contract between these two companies. Tennessee River also brought a separate third party action against the Miller Electric Company based upon a contractual indemnity provision in the terms and conditions of the subcontract between Miller Electric Company and the Eichleay Corporation.

As previously indicated, the district court dismissed Tennessee River's third party indemnity claims based on its determination that T.C.A. § 50–6–108 bars these types of actions, even if they are founded upon express contracts for indemnification.

## II

The "exclusive remedy" provision of the Tennessee Workers' Compensation Act is as follows:

**50–6–108. Right to compensation exclusive.**—The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death. [Acts 1919, ch. 123, § 8; Shan. Supp., § 3608a157; Code 1932, § 6859; Acts 1961, ch. 184, § 2; impl. am. Acts 1980 (Adj.S.), ch. 534, § 1; T.C.A. (orig. ed.), § 50–908.]

This court previously has held that although this statute generally bars third party indemnity actions against an employer for damages recovered by an injured employee against the third party, such actions are not precluded "where the employer [has] expressly contracted to indemnify a third party...." *Brogdon v. Southern Railway Company*, 384 F.2d 220, 222 (6th Cir.1967), *citing General Electric Co. v. Moretz*, 270 F.2d 780, 789–91 (4th Cir.1959), *cert. denied sub nom., Mason & Dixon Lines v. General Electric Co.*, 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545 (1960). This interpretation of Tennessee law was expressed again in *Dawn v. Essex Conveyors, Inc.*, 498 F.2d 921 (6th Cir.), *cert. denied sub nom., Process Equipment Engineering Co. v. Tennessee Eastman Co.*, 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317 (1974). In *Dawn*, we held that the "exclusive remedy" provision in Tennessee Workers' Compensation Act applied to bar a third party indemnity claim based on the active-passive negligence theory, but went on to state:

The decision in this case in no way affects the validity of third-party actions for indemnity based upon express or implied contract. We note, in this regard, that the majority of jurisdictions which have considered the question have held that compensation laws do not bar such actions. *See, e.g., Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); *General Electric Co. v. Moretz*, 270 F.2d 780 (4th Cir.1959) [cert. denied sub. nom. *Mason & Dixon Lines v. General Electric Co.*, 361 U.S. 964 [80 S.Ct. 593, 4 L.Ed.2d 545] (1960) ] (interpreting Tennessee law). And, in fact, that is the result reached by

this Court in *Brogdon v. Southern Ry. Co.,* 384 F.2d 220 (6th Cir.1967), where we had occasion to deal with the same section of the Tennessee Workmen's Compensation Law. 498 F.2d at 925.

As indicated in *Dawn,* the great weight of authority permits recovery in these types of cases where an express indemnity contract is involved. *See* Annotation, *"Modern Status of Effect of State Workmen's Compensation Act on Right of Third-Person Tortfeasor to Contribution or Indemnity From Employer of Injured or Killed Workman,"* 100 A.L.R.3d 350, 379–84 (1980); A. LARSON, THE LAW OF WORKMEN'S COMPENSATION, Vol. 2A § 76.42 (1982); Larson, *Workmen's Compensation: Third Party's Action Over Against Employer,* 65 Nw.L.Rev. 351, 369 (1970).

■ The present case, however, is a diversity action in which the state law of Tennessee is controlling. The principle guiding a federal court sitting in a diversity case is that the case must be decided according to state law even if the federal court considers this law to be unsound in principle or that another rule is preferable. *See Erie R. Co. v. Tompkins, supra,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Ann Arbor Trust Co. v. North American Co.,* 527 F.2d 526 (6th Cir.1975), *cert. denied,* 425 U.S. 993, 96 S.Ct. 2206, 48 L.Ed.2d 818 (1976); *American Fidelity & Cas. of No. America v. Indemnity Ins. Co. of No. America,* 308 F.2d 697, 699 (6th Cir.1962). In the absence of any state cases dealing with the issue presented, a federal court is obligated to express its best judgment, based on all the available information, as to what the courts in that state would hold if they were faced with the issue. *See Ruth v. Bituminous Casualty Corporation,* 427 F.2d 290 (6 Cir.1970); 32 Am.Jur.2d *Federal Practice and Procedure* § 299 (1982); *see also West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 236–37, 61 S.Ct. 179, 183–184, 85 L.Ed. 139 (1940).

We have found no decision by a Tennessee court dealing directly with the particular issue presented on this appeal.[1] The Tennessee Court of Appeals' decision in *Rupe v. Durbin Durco, Inc., supra,* 557 S.W.2d 742, did not involve an express contract for indemnity but contains some language which gives an indication of that court's position on this issue. In *Rupe,* which was decided subsequent to the Sixth Circuit decisions in *Brogdon, supra,* 384 F.2d 220, and *Dawn, supra,* 498 F.2d 921, the original suit was instituted by an injured worker as a products liability action against a manufacturer. The manufacturer then filed a third party complaint against the employer of the injured worker seeking indemnity on the theory that its negligence was passive while the negligence of the employer was active.

The Tennessee Court of Appeals held that it was against the workers' compensation policies of the State to allow a third party to recover against an employer for injuries to an employee covered by workers' compensation. 557 S.W.2d at 749–50. The court reasoned that "to permit indemnity against an employer would in effect permit a third party tortfeasor to indirectly force an employer to pay for [the employee's] pain and suffering," in addition to paying workers' compensation benefits. *Id.* at 750. The court specifically noted that federal courts previously had interpreted the Tennessee Workers' Compensation Act as not barring a third party claim against an employer "based on an otherwise valid express contract of indemnity." *Id.* at 749, *citing Dawn v. Essex Conveyors, Inc., supra,* 498 F.2d 921 (6th Cir.1974) and *McCoy v. Wean United, Inc.,* 67 F.R.D. 495 (E.D.Tenn.1974). The Tennessee court nevertheless concluded that "barring *all* indemnity claims" was consistent with the policies behind Tennessee Workers' Compensation Laws. (Emphasis added.) The court stated:

> Realizing that there are problems in this case, we feel that barring *all* indemnity

1. In *Fuqua v. Aluminum Co. of America,* 631 S.W.2d 140 (Tenn.App.1982), the Tennessee Court of Appeals was faced with a case involving similar facts, but the current issue was not settled because the employer failed at the trial level to raise T.C.A. § 50–6–108 as a shield against the third party indemnity action against him. *See id.* at 142.

claims is consistent with the basic policies of the Workmen's Compensation laws. These problems lend themselves to legislative action rather than judicial interpretation.

557 S.W.2d at 750 (Emphasis added.)

In the present case, the district court determined that the above language in *Rupe* is controlling on the issue of whether § 50–6–108 bars third party claims against employers based on express indemnity contracts. The court concluded that the reference in the *Rupe* decision to barring *all* indemnity claims must be construed as including claims based on "express contracts of indemnity as well as indemnity implied at law."

### III

Appellant argues that the district court erred in giving weight to the above-quoted language because *Rupe* did not involve a claim based on an express indemnity contract, and, therefore, the above quoted language is dicta. Appellant asserts that the *Rupe* dicta is not a reliable indication of State law on the issue before us, and that the district court should have followed the Sixth Circuit's previous interpretations of Tennessee law in *Brogdon* and *Dawn,* which conform to the majority rule.

Although the facts in *Rupe* did not involve an express indemnity agreement, we cannot say that the district court erred in relying on the broad language of that opinion to deny appellant's third party claims, especially in view of the fact that the *Rupe* opinion made specific reference to federal decisions interpreting the Tennessee Workers' Compensation law as not barring third party claims based on contractual indemnity agreements, and then stated that *all* indemnity claims are barred by the Tennessee statute. The duty of the district judge in this case was to exercise his best judgment based on all available information as to what the Tennessee courts would hold if they were faced with the issue in question. In relying on *Rupe* to determine Tennessee law, the district court followed the most authoritative pronouncement yet made by a Tennessee court on this question. Therefore, in spite of the fact that the above-quoted language of *Rupe* is contrary to the majority rule and the previous decisions of this court, we are bound by principles of diversity jurisdiction to follow *Rupe* unless and until a Tennessee appellate court renders a definitive decision to the contrary.

The judgment of the district court is affirmed.