755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY D. PETERS, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 82-1556
 United States Court of Appeals, Sixth Circuit.
 1/11/85
 
 Before: MARTIN and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Larry Peters appeals the decision of the Secretary of Health and Human Services denying him disability benefits, which was upheld by the district court. Because the Secretary's decision is supported by substantial evidence, we affirm.
 
 
 2
 Peters is presently forty-six years old and has a tenth-grade education. He has been employed at several different jobs, most recently as a machine operator.
 
 
 3
 Peters' medical problems began in June 1975 when he first suffered a back injury. He returned to work after six months, but in December 1977, he again suffered a spinal injury. After this injury, Peters underwent a cervical fusion to alleviate the pain.
 
 
 4
 Peters returned to work in June 1978, but he quit his job in December of that year when his back pain increased. Peters was admitted into the hospital in February 1979 to correct a deviated nasal septum, and he also received treatment for his back at this time. In December 1979, Peters underwent a rhizotomy to try to alleviate his lower back pain.
 
 
 5
 Peters applied for social security benefits on January 10, 1980, and his claim was denied. This decision was affirmed by an administrative law judge, who found that Peters could perform sedentary work and therefore was not disabled under 20 C.F.R. pt. 404, subpt. P, app. 2, rule 201.24. The district judge affirmed this finding.
 
 
 6
 In reviewing the decision of the Secretary, we must uphold that decision as long as it is supported by substantial evidence. See U.S.C. Sec. 205(g); Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. at 401. In this case, if there is substantial evidence to support the Secretary's conclusion that Peters can perform sedentary work, we must affirm the Secretary's decision.
 
 
 7
 20 C.F.R. Sec. 404.156 defines what is sedentary work. That section states that:
 
 
 8
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 9
 If Peters can perform such work, he is not disabled.
 
 
 10
 The record substantially supports a finding that Peters can perform sedentary work. Dr. Kurt A. Barrett, the plaintiff's treating physician, stated in 1980 that he 'urged [Peters] to attempt to find gainful employment and return to work.' He also stated that Peters 'may be a candidate for some type of occupational therapy, where he would have a degree of flexibility in his employment to exclude lifting, bending, twisting, prolonged walking, sitting or standing types of activity.' Dr. J. M. Kovesdi, a consulting physician, found in 1979 that Peters has 'mild to moderate advanced spondylosis of the lumbar spine' and that he should have three to four weeks of therapy before returning to work. Peters himself testified at his hearing before the administrative law judge that he could perform sedentary work for half of a day.
 
 
 11
 We do not mean to suggest that Peters is not suffering from certain ailments. The evidence is uncontroverted that he has chronic lower back pain due to spondylosis, fibromyositis, and degenerative joint disease. We believe, however, that based on the medical evidence before us, these problems do not limit his range of motion or result in such pain that he cannot perform sedentary labor.[1]
 
 
 12
 We therefore affirm the denial of benefits.
 
 
 13
 Nathaniel R. Jones, Circuit Judge, dissenting.
 
 
 14
 The issue in this case is whether Peters suffers a medically determinable physical or mental impairment which has lasted or can be expected to last for at least twelve months, and whether any such disability renders him unable to engage in any substantial gainful activity. Peters alleges that he has suffered disabling neck and back pain since December, 1978. The ALJ acknowledges that pain alone can be disabling within the meaning of the Social Security Act. Glass v. Secretary, 517 F.2d 224 (6th Cir. 1975), Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975). The ALJ then characterizes the issue of disabling pain as essentially a credibility determination. The ALJ determined that while Peters suffers chronic back pain, degenerative joint disease, and fibromyositis, these ailments are not disabling:
 
 
 15
 [W]hile it may be concluded that the claimant does experience some pain and discomfort related to his impairments, the minimal pain medication and the lack of positive clinical signs and laboratory tests, all show that it is not of sufficient intensity, persistance or frequency to preclude the claimant from having residual functional capacity for sedentary work. To the extent that the claimant's testimony as to his subjective complaints indicates otherwise, it is rejected . . ..
 
 
 16
 Peter's complaints of pain are supported by his history of two back injuries in 1975 and 1977, the second leading to a back operation, after which he returned to work for almost a year. He stopped working in December 1978 and spent 1979 consulting with numerous doctors in attempts to relieve his pain. Every doctor found positive clinical signs that Peters suffered back pain and suggested the nature of that pain: Dr. Barrett found moderate advance spondylosis, fibromyositis of the paraspinal and lower extremeties' muscles; Dr. Kovesdi reported moderate advanced spondylosis of the lumbar spine, and 'a considerable degree of musculoskeletal problem;' Dr. Bullock found chronic back pain and recommended both clinical therapy and a facet rhizotomy; on December 4, 1979, Peters underwent a rhizotomy in an attempt to relieve his pain. That operation was apparently unsuccessful. Only after this year of effort to relieve his pain did Peters file for disability benefits, in January 1980. In May 1980, Peters' treating physician, Dr. Barrett, reported that Peters had seen several back pain specialists and tried several remedies, but that Peters' pain symptoms 'have been rather persistent and they have chronicity to their nature.' Dr. Barrett noted 'significant paraspinal muscle spasm' and 'significant x-ray demonstration of degenerative change of the axial skeleton.'
 
 
 17
 The ALJ did not consider the implication of Peters' persistent attempts not merely to document but to seek medical relief of his pain. The medical reports in the record do not contain ambiguous findings, nor are they merely conclusory. The medical reports are consistent with one another and with Peters' complaints of disabling pain. Yet the ALJ discounts Peters' credibility and notes 'the lack of positive clinical signs.' The ALJ's conclusion that Peters is capable of sedentary work is not supported by substantial evidence as it is not based upon the record as a whole, and because it fails to consider Peters' complaints of pain in conjunction with supporting medical evidence. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).
 
 
 18
 Further, the ALJ does not discredit Peters' testimony that what should have been a one hour drive from his home to the hearing (55 miles) took 2 1/4 hours because of the necessity of repeated stops in response to numbness. Peters also testified that he can sit for one or two hours at most without having to lie down. The ALJ specifically credits this testimony and then uses it as support for his conclusion that Peters is capable of sedentary employment.
 
 
 19
 I would reverse the district court and remand for an award of benefits.
 
 
 
 [1]
 Peters claims that Dr. Howard J. Schaubel's statement that he should not work until he is studied with computed tomography is dispositive of his case. We agree with the district judge that this statement is 'diagnostic and prophylactic medical advice, [and not] a professional assessment of claimant's work capability.'