Edward Lee EASTER, Plaintiff,

and

[Larry Woodruff, Plaintiff],

v.

EXXON COMPANY, USA and Exxon Corporation, Defendants and Third-Party Plaintiffs-Appellants,

v.

WOOTEN TRANSPORTS, INC., et al., Third-Party Defendant-Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

June 17, 1985.

Application for Permission to Appeal Denied by Supreme Court Sept. 30, 1985.

John W. Chandler, Jr., Memphis, for defendants and third-party plaintiffs-appellants.

James D. Causey and Alice L. Gallaher, Memphis, for third-party defendant-appellee.

NEARN, Presiding Judge, Western Section.

This is an action in contract for indemnity. The Trial Judge held that T.C.A. § 50–6–108 and its construction or application as set forth in *Rupe v. Durbin Durco, Inc.*, (1976 Tenn.App.E.S.) 557 S.W.2d 742, forbids such cause of action. We respectfully disagree.

Easter and Woodruff were employees of Wooten Transports, Inc. While so employed, Easter and Woodruff were required by their employer to go to the Memphis Exxon Terminal to pick up loads of bulk asphalt. While performing their task an explosion occurred which caused injuries to Easter and Woodruff. Wooten, through its worker's compensation carrier, Travelers Insurance Company, paid benefits to Easter and Woodruff. At the time of the aforesaid injuries there existed a contract between Wooten and Exxon which in material parts provided:

5.... Permittee [Wooten] shall be responsible for any loss, injury, or damage to Company [Exxon] which may result or be caused by ... Permittee's negligent operation of the loading and/or unloading facilities connected to said premises....

8.... Permittee [Wooten] shall comply with all federal, state and local laws, ordinances, rules and regulations applicable to operation hereunder and shall obtain any permits, licenses or other authorities required by any governmental authority under such laws, ordinances, rules and regulations.

Easter and Woodruff brought actions against Exxon sounding in tort. Exxon filed a third party complaint against Wooten sounding in contract based on the indemnity agreement previously set forth. Wooten sought a summary judgment in its favor in the third party action based upon T.C.A. § 50–6–108 and the reported case of *Rupe, supra.* The code section is as follows:

*Right to compensation exclusive.*—The rights and remedies herein granted to an employee subject to the Worker's Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death.

The Trial Judge granted summary judgment in favor of Wooten, made that order final pursuant to Rule 54.02, and the matter has been properly brought before this Court by Exxon, posing as the issue:

Whether a third party indemnity action against an employer for damages recovered by an injured employee against the third party is barred by T.C.A. § 50–6–108, the "exclusive remedy" provision of the Tennessee Workers' Compensation Act, when said action is based on an express contract.

Before discussing the statute we will first examine the facts and the holding in *Rupe, supra.*

The first and foremost thing to be borne in mind in considering *Rupe, supra,* is the nature of the actions involved. Like the case now under consideration it involved two actions. Again, as in the present case, the principal action was in tort. The first sentence of the *Rupe* opinion denominates it so. The salient facts were that Rupe, an employee of Jasper Calloway Construction Company and while engaged in such employment, was injured by the defective product of defendant Durbin. Rupe sued Durbin for injuries that he sustained because of the negligence of Durbin. Then, Durbin by third party complaint sued Calloway Construction seeking indemnity in tort, that is, indemnity based on the active-passive theory of negligence in tort, which theory had been approved in the case of *Cohen v. Noel,* (1933) 165 Tenn. 600, 56 S.W.2d 744. There lies the principal distinction between *Rupe* and the case now

under consideration, that is to say, the indemnity sought in *Rupe* was one sought under tort theories absent any privity between the one seeking indemnity and the alleged indemnitor. In the instant case, we not only have privity but we have a written contract and the nature of the third party action presently under consideration is one of contract and in no manner sounds in tort.

In essence, the reasoning of the *Rupe* Court was that since the worker's compensation act greatly increased the employer's liability to his employee for injuries sustained on the job over that which existed under common law (practically nil with the defenses available to an employer) the legislature by means of T.C.A. § 50–6–108 declared that an employer would be liable to that worker exclusively under the worker's compensation act and for most practical purposes abolished the employers common law tort liability. This being true, the employer could not, in effect, be made to pay more or be held to be liable for more by a third party action based on a tort theory of passive-active negligence.

In *Rupe*, it is true that the Court mentioned cases where in other jurisdictions Courts had considered and approved allowing indemnity in contract. However, we believe that such mention was just in the way of general discussion. Thereafter, the *Rupe* Court reasoned:

> To permit indemnity against an employer would in effect permit a third party tortfeasor to indirectly force an employer to pay for pain and suffering. The employee is not entitled to this under the Workmen's Compensation Act.

And in closing the *Rupe* Court stated

> Realizing that there are problems in this case, we feel that barring all indemnity claims is consistent with the basic policies of the Workmen's Compensation laws.

As to the first above quoted statement, it has absolutely no validity or application to a case of contractual indemnity. If the employer has contracted to indemnify others, he has neither directly nor indirectly been "forced" to do anything. He has volunteered. As to the last above quoted statement we believe the *Rupe* Court meant to bar "all indemnity claims" sounding in tort for that was the issue before it. If it meant otherwise, such holding was dicta as it certainly was unnecessary for the decision of the case as no issue regarding contractual indemnity was before the Court.

We now consider the statute. After reading and rereading it, we do not believe that it could be reasonably construed to bar contractual indemnity on the basis that the statute sets forth the employer's liability and this liability cannot be extended even by agreement of the employer. If that were so, whenever an employer through contract with his employee agreed to do more for his employee than required by the worker's compensation law, such contract would be illegal and unenforceable. We decline to so construe the statute and if Courts from other states have so construed similar statutes, so be it, but we do not and we find no case by a Tennessee Court which requires such construction.

Therefore, we reverse the action of the Trial Judge in granting summary judgment for the defendant Wooten. However, such action does not mean that a summary judgment is granted in favor of Exxon on the issue for we explicitly do not do so. Exxon has not so moved and whether or not it is so entitled could be conditioned on a construction or interpretation of the entire contract between Exxon and Wooten.

The result is that the judgment below is reversed and the case remanded for further proceedings.

Costs of appeal are adjudged against the appellee.

Done at Jackson in the two hundred and ninth year of our Independence and in the one hundred and ninetieth year of our Statehood.

CRAWFORD, J., and TODD, Special Judge, concur.