805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jay Neil JONES and Rosemary Jones, Plaintiffs,
v.
TENNESSEE EASTMAN COMPANY, Defendant and Third Party
Plaintiff-Appellant,
v.
DONALD H. COOPER, P.C. Cooper Contractor, and P.C. Cooper
Construction Company, Third Party Defendants-Appellees.
 No. 85-6045.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1986.
 
 Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tennessee Eastman Company appeals a decision of the United States District Court for the Eastern District of Tennessee dismissing its third-party complaint. It had sought indemnification from Donald H. Cooper, P.C. Cooper Contractor and P.C. Cooper Construction Co. for its liability for injuries suffered by Jay Neil Jones.
 
 
 2
 Jones, an employee of Cooper, and his wife, brought suit in state court against Eastman alleging that Jones was injured while working on Eastman's premises. Eastman removed the action to federal court and impleaded Cooper, claiming indemnity for Eastman's liability to Jones. Upon motion by Cooper, the district court dismissed Eastman's third-party complaint. The court held in reliance upon this circuit's decision in Tennessee River Pulp & Paper Co. v. Eichleay Corp., 708 F.2d 1055 (6th Cir.1983), that the exclusivity clause of the Tennessee Worker's Compensation Act, Tenn.Code Ann. Sec. 50-6-108, barred even express contractual indemnity for injuries covered by worker's compensation.
 
 
 3
 Eastman and Jones reached a settlement on April 17, 1985, but Jones' action against Eastman was not dismissed until October 10, 1985. On July 31, 1985, and again on September 12, 1985, Eastman moved for reconsideration of the order dismissing the third-party complaint. Eastman cited two new and then unpublished Tennessee appellate court decisions as well as an amendment to Tenn.Code Ann. Sec. 50-6-108, but the district court denied reconsideration reasoning that it was not bound by unpublished decisions of an intermediate state court and that the amendment was not intended to be retroactive.
 
 
 4
 On appeal, Eastman argues that the two decisions of the Tennessee appellate court, one now published, provide the best statement of Tennessee law and control this appeal. Cooper contends, first, that Tennessee law has changed and that the change should not be retroactively applied and, second, that Eastman delayed the district court's final order, presumably by delaying in filing a stipulation of dismissal, with the hope that the controlling law would change. Cooper appears to argue that in consequence Eastman's appeal should be considered untimely.[1]
 
 
 5
 Another panel of this court, faced with the question whether the Tennessee Worker's Compensation Act permits contractual indemnity, recently reinstated a third party complaint that had been dismissed pursuant to Tennessee River Pulp & Paper Co. v. Eichleay Corp., supra, and the dictum of Rupe v. Durbin Durco, Inc., 557 S.W.2d 742 (Tenn.App.1976), upon which Tennessee River Pulp & Paper depended, stating:
 
 
 6
 Since [the decision by the district court], however, there has been a more authoritative pronouncement on the Tennessee law than that contained in our Tennessee River decision. In Easter v. Exxon Co., USA, 699 S.W.2d 168 (Tenn.App.1985), a Tennessee appellate court squarely held that Tennessee law does not bar a third-party indemnity action against the employer where the action is based on a contract of indemnity.
 
 
 7
 The case at bar being a diversity action, we must, of course, apply Tennessee law; and we must apply what we now perceive the Tennessee law to have been, rather than what we would have perceived the Tennessee law to be at the time the trial court acted. Awrey v. Progressive Casualty Insurance Co., 728 F.2d 352, 354 (6th Cir.1984), cert. denied, --- U.S. ---, 106 S.Ct. 250 (1985). In the light of Easter, we now believe the Tennessee law to have been what we thought it was before the dictum in Rupe persuaded us otherwise.
 
 
 8
 Black v. United Parcel Service, No. 85-5322 slip op. at 7 (6th Cir. July 30, 1986). The cited language of Black clearly indicates that its holding is retroactive.
 
 
 9
 Although the parties were not apprised of this decision until oral argument, they have had an opportunity to discuss Black in supplemental memoranda. After careful consideration of the parties' briefs, oral arguments and their post hearing memoranda, we conclude that the decision in Black is controlling. Accordingly, the judgment of the district court is VACATED and the cause is REMANDED with instructions to reinstate the third-party complaint.
 
 
 
 [1]
 Eastman's appeal is timely. Cooper does not allege that Eastman acted unlawfully and Eastman is not shown to have been guilty of any abuse of process, even assuming purposeful delay