848 F.2d 189
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Zack BOYCE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1535.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1988.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JAMES D. TODD,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Zack Boyce (Boyce), appealed from the judgment of the district court affirming the Secretary of Health and Human Services's (Secretary) denial of social security disability benefits.
 
 
 2
 Boyce, born October 23, 1943, was 40 years old when the administrative law judge (ALJ) made his determination. He has a tenth grade education and has been employed in various occupations such as a core fitter, hi-lo driver, sweeper/driver, and machine operator.
 
 
 3
 Boyce's medical problems essentially began after suffering two gun shot wounds. One bullet penetrated the left lower quadrant of the abdomen and the right side of the pelvis. The other bullet lodged in his lower spine where it still remains.
 
 
 4
 On June 24, 1983, Boyce filed a claim for social security disability benefits claiming that he had been disabled since December, 1981, because of musculoskeletal and abdominal difficulties. His claim was denied initially and upon reconsideration. Thereafter, Boyce requested a hearing before an ALJ.
 
 
 5
 At the hearing, Boyce submitted medical evidence from three doctors. Although the doctors found some evidence of degenerative changes of the lumbosacral spine and diminished sensation of the lower extremities and preanal area, none found any evidence of joint abnormality or neurological involvement. All observed Boyce to have a normal gait and a normal range of motion.
 
 
 6
 Boyce testified that he experienced frequent episodes of back pain with radiation of discomfort into his legs, especially the right leg. He further stated that his legs become numb, if he sits for 10-15 minutes, at which time he must stand for relief.
 
 
 7
 At the hearing, Lawrence Zatkin (Zatkin), a vocational expert, testified that Boyce's past work was essentially medium work at an unskilled to semi-skilled level. He further testified that the skills acquired in Boyce's previous employment were transferable to sedentary jobs such as bench assembly, packing and inspection which existed in the regional economy. According to Zatkin, Boyce could perform these positions with a sit/stand option.
 
 
 8
 On July 2, 1984, the ALJ issued his decision determining that Boyce was unable to perform his past relevant work, but that he has the residual functional capacity to perform sedentary work with a sit/stand option. Accordingly, the ALJ concluded that Boyce was not entitled to disability benefits. The Appeals Council declined review, and Boyce thereafter, commenced this present action. The matter was referred to a magistrate who, in his report and recommendation issued on April 27, 1987, recommended that the judgment be entered in favor of the Secretary. The district court adopted the report and recommendation and Boyce thereafter commenced this timely appeal.
 
 
 9
 On Appeal, Boyce argued that the ALJ's determination was not supported by substantial evidence because the ALJ failed to give full credibility to his testimony of disabling pain. Boyce asserted that pain alone may be sufficient enough to establish disability if it was the result of a medical impairment.
 
 
 10
 Boyce's contention is without merit. Prior to 1984, this court held that subjective complaints of pain may support a claim of disability. Beavers v. Secretary of Health, Education, and Welfare, 577 F.2d 383 (6th Cir.1978); Glass v. Secretary of Health, Education and Welfare, 517 F.2d 224 (6th Cir.1975). However, when Congress enacted the Social Security Disability Benefits Reform Act of 1984, Public Law No. 98-460, 98 Stat. 1794 (1984), it established a new statutory standard for evaluating subjective complaints of disabling pain which is currently codified in 42 U.S.C. Sec. 423(d)(5)(A).
 
 
 11
 This court recently enunciated the rule as follows:
 
 
 12
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectivily established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 13
 Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). In applying this rule, ALJ's determination of the credibility of the claimant's testimony of subjective pain should not be discarded lightly. Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir.1987). The ALJ's findings in a social security case are conclusive if supported by substantial evidence. Kinsella v. Schweiker, 708 F.2d 1056 (6th Cir.1983); 42 U.S.C. Sec. 405(g).
 
 
 14
 In the present case, Boyce has shown objective medical evidence of a back impairment, and consequently, the first prong of the Duncan test was met. However, Boyce failed to satisfy the second prong. While all the medical reports submitted showed an impairment due to a gun shot injury, none of them reported neurological involvement. Furthermore, all examinations found Boyce to have a full range of motion, normal gait and no joint abnormality. Consequently, Boyce failed to establish that there was objective medical evidence confirming the severity of the pain or that there was an objectively established medical condition of such severity to reasonably produce the alleged pain.
 
 
 15
 Accordingly, there existed substantial evidence to support the findings of the ALJ that while Boyce's back impairment did prohibit him from performing his prior work, his medical condition was not of the severity to preclude him from performing sedentary work with a sit/stand option which existed in the regional economy.
 
 
 16
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation