875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Evelyn Y. CLEMMONS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3519.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and BARBARA K. HACKETT,* District Judge.
 PER CURIAM.
 
 
 1
 Clemmons appeals the district court's summary judgment affirming the Secretary's determination of non disability under Secs. 216(i) and 223 of the Social Security Act, as amended.
 
 
 2
 Ms. Evelyn Clemmons was born in Toledo, Ohio on October 14, 1939. She graduated from Lockport High School in Lockport, New York in 1957. She attended college in Buffalo, New York for two years. She also took one year of executive secretarial training in Freemont, Ohio. She was not awarded a degree by either institution. Clemmons has worked as a nurses aide, a sewing machine operator, and most recently, a secretary working part-time twelve hours per week. On October 1, 1985 she had surgery on her back and claims disability from that surgery in connection with obesity.
 
 
 3
 The administrative law judge found that the medical evidence established that Clemmons had severe status post laminectomy at L5-S1 and severe obesity, and that Clemmons did not have an impairment or combination of impairments listed or medically equal to those outlined in the regulatory Listings of Impairment. The administrative law judge also found that Clemmons allegations of pain and discomfort were overstated, not corroborated by her clinical profile and not credible for the following reasons: 1) Clemmons was able to return to work after surgery, 2) Clemmons stated that she was improving, 3) Clemmons took no pain medication, and 4) Clemmons was able to maintain a household with two teenagers and a grandson. The administrative law judge held that the primary reason Clemmons underwent back surgery was to relieve bladder symptoms, and that the surgery was successful in accomplishing this purpose. Four months after the surgery she was able to go back to the same work she was performing prior to the surgery. The administrative law judge stated that "it is reasonable to conclude that the claimant can perform at least sedentary and light exertion as long as she is able to change positions occasionally."
 
 
 4
 The administrative law judge held that Clemmons had the residual functional capacity to perform work related activities except for work involving lifting more than 20 lbs. or work not permitting an occasional change of position. Clemmons' past and current relevant work as a secretary and receptionist did not and does not require the performance of the work related activities precluded by the weight and position limitations. The appeals council affirmed the holding of the administrative law judge which became the final decision of the Secretary on April 8, 1987. The district court held that the Secretary's determination regarding Clemmons' ineligibility for benefits was supported by substantial evidence, and affirmed the decision denying benefits to Clemmons.
 
 
 5
 Clemmons argues that the decision of the Secretary is not supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison v. N.L.R.B., 305 U.S. 197, 229 (1938). Clemmons argues that she has met the impairment listing 10.10A since November, 1986 and, therefore, should be found disabled unless engaged in substantial gainful activity. See, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1114 (6th Cir.1986). Ms. Clemmons asserts that she weighed 249 lbs. on November 10, 1986 and stood at a height without shoes of 5'2 1/2". 20 C.F.R., part 404, sub-part P, Appendix 1. Second, Clemmons argues that no substantial evidence supports the finding that she could return to full-time secretarial work. Clemmons claims that her treating physician, Dr. Tyznik, stated in August, 1986 that because of continued nerve root compression and irritation she could not do any occupation which required prolonged standing, sitting or walking. Four months later, Dr. Tyznik stated that Clemmons had a permanent partial disability of 80%. Clemmons declares that prolonged sitting is by definition required in even the lightest category of work, sedentary work. See 20 C.F.R. Sec. 404.1567(a) (1987). Clemmons declared that the Secretary violated "the treating physician" rule enunciated by this court in Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985) and King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). Finally Clemmons argues that the medical and lay evidence supports her claim of disabling pain, is uncontradicted and, therefore, the administrative law judge's finding of non-credibility is not entitled to substantial deference. King v. Heckler, 742 F.2d 968, 975 (6th Cir.1984). Clemmons argues that her clinical profile can "reasonably be expected to produce disabling pain." Gatson v. Bowen, 838 F.2d 442, 447 (6th Cir.1988).
 
 
 6
 The administrative law judge correctly held that, regardless of whether Clemmons met the weight and height table referred to in 10.10, she did not meet one of the disorders specified in parts A to E of 10.10. The administrative law judge did not credit her allegations of pain or any sustained history of limitation of motion in any weight bearing joint or spine. While subjective complaints of pain may support a claim of disability, Glass v. Secretary of H.E.W., 517 F.2d 224, 225 (6th Cir.1975), determinations of credibility related to subjective complaints of pain rest with the administrative law judge. Duncan v. Secretary of H.H.S., 801 F.2d 847, 852 (6th Cir.1986); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 
 7
 In Clemmons' case the Secretary did not violate the "treating physician" rule. The administrative law judge relied on the reports and tests conducted by all the physicians who examined and treated Clemmons.
 
 
 8
 We affirm the district court. Clemmons did not meet one of the disorders specified in parts A to E of Listing Impairment 10.10. Substantial evidence supports the administrative law judge's finding of non disability.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation