Kent D. **MANIS**

v.

**ERWIN UTILITIES, American Cable Systems of Tennessee.**

**No. CIV–2–85–146.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

May 6, 1986.

---

**4**

John T. Greene, Knoxville, Tenn., for plaintiff.

Douglas S. Tweed, Mike Forrester, Walter O. Waddey, Kingsport, Tenn., for defendant.

## MEMORANDUM AND ORDER

HULL, Chief Judge.

This action is before the Court upon motion of defendant, American Cable Systems of Tennessee (ACS), to reconsider the Order of October 3, 1985, denying ACS' motion for summary judgment. ACS asserts that reconsideration is warranted in view of the Tennessee Supreme Court decision in *Stratton v. United Inter-Mountain Telephone Co.*, 695 S.W.2d 947, which was first published October 22, 1985. Defendant's motion to reconsider is GRANTED. Upon careful reconsideration of the law and the facts in light of the *Stratton* case the Court finds defendant's motion for summary judgment to be well taken and for the reasons set forth below, same is hereby GRANTED.

This is a personal injury action in which plaintiff seeks relief based upon the alleged negligence of the defendant.

Plaintiff, an employee of Telecom Systems, Inc. (Telecom), was injured on April 20, 1984, in Unicoi County, Tennessee, when an electrical shock caused him to fall or be knocked to the ground from a utility pole on which he was working stringing cable television lines pursuant to a contract between ACS and his employer. The contract between Telecom and ACS for the construction of certain cable television lines involved stringing the television lines on utility poles. This was part of the overall task of constructing the physical facilities necessary to provide cable television services.

█ Since plaintiff was injured in the course of his employment his exclusive remedy as against his employer is worker's compensation. T.C.A. § 50–6–112. ACS takes the position that it was acting as the "principal contractor" in its relationship with Telecom; that as principal contractor it was, in essence, plaintiff's employer, and as such, is immune from this suit. Under the Tennessee worker's compensation scheme an injured employee of a subcontractor is limited to his worker's compensation remedy as against both his immediate employer and the principal contractor. T.C.A. § 50–6–113. Thus, a principal contractor is deemed to be an "employer" in relation to employees of its subcontractor. An injured employee of the subcontractor may however, pursue a claim on traditional tort principles against parties outside of the employer-employee relationship. T.C.A. § 50–6–112.

The issue before the Court on defendant's motion for summary judgment is whether ACS was acting as principal contractor. To resolve this issue we must consider the nature of the relationship between ACS and Telecom. Was Telecom a subcontractor or an independent contractor? The factual matters relevant to such a determination are contained in the contract governing the relationship between these two parties. In the *Stratton* case, the Tennessee Supreme Court similarly

looked to the provisions in the governing contract and found the defendant to be a principal contractor as a matter of law.

The *Stratton* Court emphasized the "right to control" the conduct of the work in ruling that the defendant therein was the principal contractor. The right to control issue is determinable from the contract terms because the "test is not whether the right to control was exercised but merely whether the right to control existed." *Id.* at 950. From the contract in *Stratton,* "it [was] apparent that the Telephone Company had control over the materials to be used, the employees to be used on the job, and the general manner in which the job was to be performed." *Id.* at 953.

The Telephone Company in *Stratton* did not have direct supervisory control of the work of the subcontractor. The contract provided that "the [sub]contractor shall furnish, employ, and have exclusive control of all persons to be engaged in or about the work performed ... and shall prescribe and control the means and methods of doing such work." Volume I of the transcript of the record in the Tennessee Supreme Court, p. 4. (p. 2 of the contract at issue in *Stratton* ). The Telephone Company could, however, direct the order of precedence of the work assigned under the contract, *Id.* at 5, have the subcontractor remove from the job any employee "who in the sole opinion of the Telephone Company, is not doing an adequate job or is conducting himself in a manner as to reflect unfavorably upon the Telephone Company," *Id.* at 4–5, assign similar work to others or its own employees, *Id.* at 3, was not obligated to assign any particular amount of work to the subcontractor, *Id.,* and could reject any or all work of the subcontractors if, in its opinion the work was not in conformity with the contract specifications. *Id.* at 6. In addition, the subcontractor could not assign the contract without prior written approval of the Telephone Company, *Id.* at 10. All of these factors taken together indicate that the Telephone Company had the right to pervasive overall control of its subcontractor.

The facts of the *Stratton* case are almost directly on point when the contract in the case at bar is examined. Telecom, plaintiff's employer, was to supply its own tools and was basically in control of the means and methods of performing the work as was the subcontractor in *Stratton.* Exhibit 3 to Defendant's Motion for Summary Judgment, Court File No. 8. (Contract between ACS and Telecom, hereafter "the contract"). ACS, like the Telephone Company in *Stratton,* reserved the right to employ additional contractors or use its own personnel for the same or similar work as that contracted, *Id.* at 6, reserved the right to reject any Telecom employee who failed to meet ACS skill and discipline standards, *Id.* at 5, was not obligated to assign any particular amount of work to Telecom, *Id.* at 7, could reject any or all work of Telecom if, in its opinion, the work was not in compliance with specifications, *Id.* at 5, and supplied Telecom with all necessary materials for completion of the work. *Id.* at 2. In addition, ACS established all specifications of the work not covered by government regulations, *Id.* at 4, supplied design plans for the work to Telecom, *Id.* required "periodic project meetings to review work progress," *Id.* at 5, provided Telecom with office space at the job sites, *Id.* at 3, imposed certain safety requirements on Telecom, *Id.* at 9–11, and reserved the right to terminate the contract if, in the sole judgment of ACS, Telecom failed to comply with any provision of the contract, *Id.* at 13. Likewise, Telecom could not assign the contract without prior approval by ACS. From these provisions in the contract at issue "it is apparent that [ACS] had control over the materials to be used, the employees to be used on the job and the general manner in which the job was to be performed," *Stratton, supra,* at 953, and thus should be considered the principal contractor under existing Tennessee law.

The "right to control" rule of *Stratton* and the facts of that case dictate the entry of judgment on behalf of ACS in this action. Such a result was indicated previously, but with less clarity in the context of this case by decisions such as *Wooten Transports Inc. v. Hunter,* 535 S.W.2d 858

**6**

(Tenn.1976), *Fugunt v. TVA*, 545 F.Supp. 977 (E.D.Tenn.1982) and *Posey v. Union Carbide Corp.*, 510 F.Supp. 1143 (M.D. Tenn.1981), *aff'd*, 705 F.2d 833 (6th Cir. 1983). In each of those cases the defendants, who had overall control, but little direct supervisory control of the hired contractors, were found to be acting as principal contractors and thus liable to injured workers of the contractors only on a worker's compensation basis.

There are other factors which have been considered by the Courts in making a determination such as this, but their relevance is quite limited in view of the application of *Stratton* to this case and therefore they will not be discussed.

In summary, ACS had a degree of control over, and involvement in, the work performed by Telecom not normally found in a customer-independent contractor relationship. Therefore, the Court finds that ACS was acting as a principal contractor in its relationship with Telecom, and as such, is protected from third-party liability under Tennessee's worker's compensation law. Judgment shall enter for the defendant.