**Randall Jeffrey CAMPBELL and Wife, Sherry Renee Campbell, Plaintiffs–Appellees,**

v.

**DICK BROADCASTING COMPANY, INC. OF TENNESSEE, Defendant–Appellant.**

Supreme Court of Tennessee, at Knoxville.

Aug. 29, 1994.

Sidney Gilreath, Richard Baker, Gilreath & Associates, Knoxville, for plaintiffs-appellees.

Dalton L. Townsend, Julia S. Howard, Hodges, Doughty & Carson, Knoxville, for defendant-appellant.

## OPINION

REID, Chief Justice.

This tort action for personal injury presents for review the decision of the Court of Appeals reversing the trial court's grant of summary judgment to the appellant/defendant Dick Broadcasting Company, Inc. of Tennessee ("Dick Broadcasting"), upon the trial court's finding that the plaintiffs' sole remedy was for benefits under the workers' compensation law and, therefore, the action for damages against Dick Broadcasting was precluded by T.C.A. § 50–6–108(a). The record supports the trial court's conclusion.

Prior to July 6, 1988, Dick Broadcasting purchased from a trustee in bankruptcy various pieces of used equipment located at the site of a radio station in Knoxville. Dick Broadcasting contracted with Southland Electrical Contractors ("Southland") to assist in the removal of some of the equipment purchased, including an antenna attached to the station tower.

■ Dick Broadcasting retained the responsibility for removing the purchased items from the television station and tower. The items to be removed included lights, consoles, other electrical equipment, an antenna, and a transmitter. The record shows that Dick Broadcasting had complete control of the project. Dick Broadcasting's engineer allocated the specific work to be done by Dick Broadcasting's employees and the work to be done by Southland's employees. Under these facts, Dick Broadcasting was acting as its own principal contractor, and, pursuant to T.C.A. § 50–6–113, was potentially liable to Southland's employees for workers' com-

pensation benefits. *Barber v. Ralston Purina*, 825 S.W.2d 96, 99–100 (Tenn.App.1991); *Mathis v. Bowater, Inc.*, 985 F.2d 277, 279–80 (6th Cir.1993); *Posey v. Union Carbide Corp.*, 705 F.2d 833 (6th Cir.1983); *Fugunt v. Tennessee Valley Authority*, 545 F.Supp. 977, 979–80 (E.D.Tenn.1982).

On July 6, 1988, the plaintiff/appellee, Randall Campbell, an employee of Southland, fell from the tower while removing the antenna. He sustained serious bodily injuries, for which he received from Southland's insurer all workers' compensation benefits to which he was entitled. Those benefits are not involved in this case.

Subsequently, the plaintiff and his wife filed this suit against Dick Broadcasting, claiming that Campbell's injuries were caused by the negligence of Dick Broadcasting, and seeking compensatory damages.

Dick Broadcasting filed a motion for summary judgment in which it asserted that the suit was barred by the provisions of T.C.A. § 50–6–108 ("The rights and remedies herein granted to an employee ... shall exclude all other rights and remedies of such employee ... on account of injury or death."). In a memorandum opinion,[1] the Court of Appeals reversed the judgment of the trial court and remanded the case for further proceedings. The intermediate court concluded there were material issues of disputed fact as to whether Campbell was an employee of Dick Broadcasting.

■ The only issue presented by the case is whether an employee of a subcontractor can maintain an action in tort for personal injuries against the contractor, when the employee has recovered all workers' compensation benefits to which he is entitled from the insurer of his employer, the subcontractor. This Court holds that such action is barred by the exclusive remedy provisions of T.C.A. § 50–6–108.

Pursuant to T.C.A. § 50–6–113(a), a contractor is liable for workers' compensation benefits "to any employee injured while in the employ of any of his subcontractors and [while] engaged upon the subject matter of the contract to the same extent as the immediate employer." Consequently, Dick Broad-

---

1. Rule 10, Rules of the Court of Appeals.

casting was liable for workers' compensation benefits due Campbell for injuries sustained in this case to the same extent as Southland. Recovery of workers' compensation benefits against Dick Broadcasting was precluded by T.C.A. § 50–6–113, which requires that a claim for workers' compensation benefits "shall be in the first instance presented to and instituted against the immediate employer" and further provides that "collection of full compensation from one employer shall bar recovery by the employee against any others." "Others" as used in T.C.A. § 50–6–113 refers to other contractors, who are treated as employers for purposes of the Workers' Compensation Law.

T.C.A. § 50–6–112 saves an employee's tort cause of action for damages against "some person other than the employer," and provides for the disposition between the employee and the employer of any recovery against the third party. Again, "employer" refers to any party who may be liable for workers' compensation benefits pursuant to T.C.A. § 50–6–113(a). The policy for allowing suit against a responsible third party is that "since the third party could not have been liable for workers' compensation, he should be prepared to make the injured person whole under normal tort principles." *Posey v. Union Carbide Corp.*, 705 F.2d 833, 834 (6th Cir.1983). Principal or intermediate contractors are not viewed as third parties for purposes of tort liability because they may be held liable for workers' compensation benefits to an employee of a subcontractor under T.C.A. § 50–6–113. A contractor, therefore, is immune from a tort action brought by an injured employee to the same extent as a subcontractor who has paid workers' compensation benefits. *See Mathis v. Bowater, Inc.*, 985 F.2d 277 (6th Cir.1993).

The judgment of the Court of Appeals is reversed and that of the trial court reinstated.

Costs are taxed against the plaintiffs.

DROWOTA, O'BRIEN, ANDERSON and BIRCH, JJ.